**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

XIALAND LLC,

     Plaintiff,

        v.

                                  Case No.: 1:22-cv-01276

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A

     Defendants.

---

**<u>FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

Plaintiff XiaLand, LLC, by and through its attorneys Revision Legal, PLLC, states the following for its First Amended Complaint:

**PARTIES**

1.    Plaintiff XiaLand, LLC (hereinafter "Plaintiff") is a limited liability company with its headquarters in New Jersey, United States.

2.    Upon information and belief, Defendants are websites that are owned by individuals who have concealed their identities by creating various internet accounts for the purposes of frustrating enforcement action against them.

**JURISDICTION AND VENUE**

3.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act 17 U.S.C. § 501.

4.    Personal jurisdiction is proper over Defendants because exercise thereof would not offend traditional notions of fair play or substantial justice because Defendants have purposefully

availed themselves of this forum state, the cause of action arises from Defendants' activities here, and the Defendants' actions have caused damage to Plaintiff in the state of Illinois.

5.     Specifically, Defendants purposefully and intentionally availed themselves of this forum state by providing highly interactive online websites that are accessible to and used by residents of the State of Illinois and have displayed Plaintiff's copyrighted content through these websites to residents of the State of Illinois in violation of Plaintiff's rights. These websites also generate revenue through advertising that targets Illinois residents and solicits them to "leak" the copyrighted content of third parties for publication on the Internet.

6.     Defendants are subject to personal jurisdiction in this judicial district because he or she has caused an act or consequence to occur in this judicial district resulting in an action for tort. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred in this jurisdiction and because the defendants are subject to the court's personal jurisdiction with respect to this action.

## STATEMENT OF FACTS

### Introduction

7.     Plaintiff is a business entity made up of an artist who primarily displays her art—pictures and videos—through an adult content platform online. Using the platform, Plaintiff engages with a substantial number of individuals across the world who are fans of Plaintiff's creative work and likeness. Plaintiff's creative work is just that, creative. In addition, Plaintiff's fans enjoy the artist herself. Due to Plaintiff's creativity and likeable likeness, Plaintiff's fans use the online platform to subscribe to Plaintiff's content. They pay Plaintiff to subscribe. And like any other artist who amasses a following of fans willing and able to pay for art, Plaintiff's creative work and likeness is protected under the law from unlawful infringement.

8.     Defendants are a collection of websites that infringe on Plaintiff's creative work and likeness. Defendants recognize the substantial following Plaintiff has gained and have copied, reproduced, publicly displayed, and profited off Plaintiff's creative works, likeness, notoriety, and goodwill. In short, they take Plaintiff's images and videos and post them on their websites so anyone can view them for free. Defendants get the benefit of increased web traffic and increased advertisement revenue while Plaintiff suffers the illegal usurpation of her fan base. Defendants infringe on Plaintiff's copyrighted creative works and misappropriate her likeness; their actions are unlawful.

### Plaintiff's Business

9.     Plaintiff is a limited liability company organized under the state of New York.

10.     Plaintiff is a streaming and media content business that sells its content on OnlyFans, an adult content platform that allows its users to sell images and videos to third parties and interact with fans and patrons.

11.     Through OnlyFans, Plaintiff sells adult-oriented content; OnlyFans takes a portion of Plaintiff's profits in exchange for providing a platform through which Plaintiff may monetize its content.

12.     Plaintiff has filed for and obtained a copyright registration for its OnlyFans content ("OnlyFans Content"), which is registered with the US Copyright Office under Registration Number VAu 1-453-891 ("Copyright Registration").

13.     Plaintiff's OnlyFans Content constitutes a creative work.

### Defendants' Unlawful Actions

14.     Defendants are individuals who own and operate the websites identified on Schedule A, and upon information and belief, are located outside of the United States.

15.     Defendants' Websites publish copyrighted content that has been stolen from third party websites, such as OnlyFans, Patreon, YouTube, and Twitch.

16.     Defendants' Websites obtain revenue by participating in third-party advertising networks, such as RealSRV and Ackcdn.net.

17.     By offering the copyrighted (or "leaked") content of others to its users for free, Defendants' Websites generate substantial web traffic and, in turn, generate substantial funds from their participation in third-party advertising networks.

18.     In essence, Defendants' Websites utilize and solicit stolen, copyrighted content, publish it, and receive proceeds from the use of that content.

### Plaintiff's Attempts to Stop Defendants' Unlawful Actions

19.     On or about November 9, 2021, Plaintiff discovered that Defendants were reproducing, distributing, and publicly displaying Plaintiff's OnlyFans Content through the Websites.

20.     On that same day, Plaintiff submitted a notice of claimed infringement to the Websites under the Digital Millennium Copyright Act, which requested that Defendants remove Plaintiff's OnlyFans Content from the Websites.

21.     Defendants did not respond to this request.

22.     Also on November 9, 2021, Plaintiff, through counsel, created a user account with the user forum listed on the Websites.

23.     Through that user account, Plaintiff's counsel submitted a second notice of claimed infringement to the Websites' administrators.

24.     Defendants did not respond to this request.

25.     On November 16, 2021, Plaintiff again submitted a notice of claimed infringement to the Websites under the Digital Millennium Copyright Act, which requested that Defendants remove Plaintiff's OnlyFans Content from the Websites.

26.     Defendants again did not respond to this request.

27.     To this day, Defendants continue to reproduce, distribute, and publicly display Plaintiff's OnlyFans Content through the Websites in violation of Plaintiff's rights.

28.     Consequently, Plaintiff hereby files this Complaint against these Defendants, alleging claims of copyright infringement, tortious interference, and unlawful appropriation of name or likeness.

## COUNT I – COPYRIGHT INFRINGEMENT IN VIOLATION OF FEDERAL LAW
**(17 U.S.C § 501 et seq.)**

29.     Plaintiff incorporates the above paragraphs as if fully restated herein.

30.     Plaintiff owns the Copyright Registration and the OnlyFans Content.

31.     Plaintiff's OnlyFans Content is available for license for limited personal use for a fee exclusively via the OnlyFans website.

32.     Defendants had access to Plaintiff's works.

33.     Defendants purchased or downloaded Plaintiff's works from OnlyFans for use in their infringement scheme.

34.     Defendants have reproduced, prepared derivative works of, distributed copies of, and displayed publicly works that are identical copies of, and substantially similar to, Plaintiff's Only Fans Content through the Websites.

35.     Defendants offer access to Plaintiff's OnlyFans Content on their respective websites, which make a profit by allowing advertisers to pay to have their advertisements displayed on Defendants' Websites.

36. As a result of Defendants' infringement, Plaintiff has suffered monetary damages.

37. Plaintiff is entailed to the recovery of, at its election, statutory damages, actual damages, Defendant's profits, and the costs of this action.

38. Plaintiff is also entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 and 17 U.S.C § 106.

39. Plaintiff is entitled to its attorneys' fees pursuant to 17 U.S.C. § 505 and 17 U.S.C § 106.

## COUNT II – FALSE DESIGNATION OF ORIGIN IN VIOLATION OF FEDERAL LAW
### (15 U.S.C. § 1125)

40. Plaintiff incorporates the above paragraphs as if fully restated herein.

41. At all times relevant for this complaint, Plaintiff did not sponsor, approve, or otherwise permit Defendants' use of Plaintiff's OnlyFans Content.

42. By displaying Plaintiff's OnlyFans Content on their websites, Defendants used Plaintiff's goods, services, and name in commerce.

43. By displaying Plaintiff's OnlyFans Content without Plaintiff's sponsorship, approval, or permission, Defendants displayed a false designation of origin, false or misleading description of fact, and false or misleading representation of fact regarding their right to display Plaintiff's OnlyFans Content.

44. Defendants' display of Plaintiff's OnlyFans Content without Plaintiff's sponsorship, approval, or permission is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with Defendants and their websites.

45. Defendants' display of Plaintiff's OnlyFans Content without Plaintiff's sponsorship, approval, or permission is likely to cause confusion as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff.

46.     Defendants' display of Plaintiff's OnlyFans Content without Plaintiff's sponsorship, approval, or permission was for Defendants' commercial and financial gain where such display increased traffic on their websites and generated substantial funds from their participation in third-party advertising networks.

47.     As a result of Defendants' illegal use of Plaintiff's goods, services, and name in commerce that is likely to cause confusion as to Plaintiff's affiliation with Defendants' websites, Plaintiff has suffered monetary damages.

48.     Plaintiff is entailed to the recovery of actual damages, Defendant's profits, and the costs of this action.

49.     Plaintiff is also entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

50.     Plaintiff is entitled to its attorneys' fees pursuant to 15 U.S.C. § 1117.

<u>**COUNT III – TRADEMARK INFRINGEMENT IN VIOLATION OF
ILLINOIS STATE LAW**</u>

51.     Plaintiff incorporates the above paragraphs as if fully restated herein.

52.     At all times relevant for this complaint, Plaintiff owned common law trademark rights to its use of its name, XIALAND, in commerce.

53.     Plaintiff uses its XIALAND trademark to identify, *inter alia*, Plaintiff's OnlyFans Content and to promote the same across a wide range of social media.

54.     Plaintiff has not given Defendants permission to use its XIALAND mark in commerce.

55.     Defendants used XIALAND and similar marks to market, identify, and display Plaintiff's OnlyFans Content on their websites.

56.     Defendants' use of XIALAND is likely to cause consumer confusion as to the source of the goods and/or services marketed, displayed, and sold on Defendants' websites.

57.     Defendants' infringement of Plaintiff's XIALAND trademark of profit has led to damages suffered by Plaintiff.

58.     By using Plaintiff's XIALAND trademark in commerce, Defendants confuse and deceive existing fans and potential consumers of Plaintiff's creative work and usurp Plaintiff's potential profits from the OnlyFans platform.

59.     By using Plaintiff's XIALAND trademark in commerce, Defendants dilute Plaintiff's trademark which decreases the value of Plaintiff's trademark.

60.      Plaintiff is entitled to compensatory damages for Defendants' infringement of its common law trademark.

## COUNT IV – VIOLATION OF ILLINOIS' RIGHT OF PUBLICITY ACT
**(765 Ill. Comp. Stat. 1075/1 et seq.)**

61.     Plaintiff incorporates the above paragraphs as if fully restated herein.

62.     Plaintiff is a business entity made up of an individual artist who appears in all of Plaintiff's OnlyFans Content.

63.     Plaintiff's artist is well known and recognized due to her regular appearance in Plaintiff's OnlyFans Content.

64.     In copying, distributing, and publicly displaying Plaintiff's OnlyFans Content on their websites, Defendants use Plaintiff's identity.

65.     Plaintiff did not provide Defendants' written consent to use Plaintiff's identity.

66.     Defendants commercially benefit from their use of Plaintiff's likeness where they use Plaintiff's likeness to drive traffic to their websites and profit off that increased traffic by, *inter alia*, increased advertisement revenue.

67.     Plaintiff is entitled to injunctive relief under 765 Ill. Comp. Stat. 1075/50.

68.     Plaintiff is entitled to attorney's fees under 765 Ill. Comp. Stat. 1075/55.

69.     Plaintiff is entitled to punitive damages under 765 Ill. Comp. Stat. 1075/40 given Defendants' willful violation of 765 Ill. Comp. Stat. 1075/30.

70.     Defendants' appropriation of Plaintiff's likeness without its consent has led to damages suffered by Plaintiff in the form of lost revenue where individuals may consume its likeness without compensating Plaintiff.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant the following relief:

A.     Preliminary and permanently enjoining and restraining Defendants, as well as their heirs, successors, assigns, officers, agents, and employees from reproducing, preparing derivative works of, distributing copies of, performing publicly, or displaying publicly the content contained within the XiaLand Copyright Registration;

B.     Awarding Plaintiff all damages to which it is entitled, including, but not limited to, actual and statutory damages, Defendants' profits, all costs and expenses, including attorneys' fees, including an equitable accounting; and

C.     Award Plaintiff any other relief to which it is entitled.

Respectfully submitted,

REVISION LEGAL, PLLC

Dated: March 29, 2022                    /s/ Eric Misterovich
                                         Eric Misterovich (P73422)
                                         John Di Giacomo (P73056)
                                         REVISION LEGAL, PLLC

Attorneys for Plaintiff
444 Cass St., Suite D
Traverse City, Michigan 49684
T: (231) 714-0100
F: (231) 714-0200
john@revisionlegal.com
eric@revisionlegal.com

## JURY DEMAND

Plaintiff hereby requests a trial by jury for all eligible counts contained within this First Amended Complaint.

Date: March 29, 2022                                 XiaLand LLC

                                                     /s/ Eric Misterovich
                                                     Eric Misterovich
                                                     *Attorneys for Plaintiff*
                                                     Revision Legal, PLLC
                                                     444 Cass St., Suite D
                                                     Traverse City, MI 49684
                                                     Phone: (231) 714-0100
                                                     Fax: (231) 714-0200
                                                     eric@revisionlegal.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the date below, the foregoing was served on counsel of record via the Court's ECF system.

Date: March 29, 2022                                        XiaLand LLC


                                                           <u>/s/ Eric Misterovich</u>

                                                           <u>Eric Misterovich</u>
                                                           *Attorneys for Plaintiff*
                                                           Revision Legal, PLLC
                                                           444 Cass St., Suite D
                                                           Traverse City, MI 49684
                                                           Phone: (231) 714-0100
                                                           Fax: (231) 714-0200
                                                           eric@revisionlegal.com