IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XIALAND LLC <br>         Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br>         Defendants. | Case No. 1:22-cv-01276 <br><br> Judge Martha M. Pacold <br><br> Magistrate Judge Sunil R. Harjani |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff XiaLand LLC ("XiaLand") filed a Motion for Entry of a Preliminary Injunction against the fully interactive, websites[1] operating under the seller aliases identified in the Revised Schedule A ("Schedule A") to the Complaint and attached hereto (collectively, "Defendants") and using at least the domain names identified in Schedule A (the "Defendant Domain Names") and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS XiaLand's Motion in part as follows.

The Court finds XiaLand has provided notice to Defendants in accordance with the Temporary Restraining Order entered April 1, 2022, [16] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants purposefully and intentionally availed themselves of this forum state by providing highly interactive online websites that are

---

[1] The website urls are listed on Schedule A hereto under the Defendant Domain Names.

accessible to and used by residents of the State of Illinois and have displayed Plaintiff's copyrighted content and common law trademarks through these websites to residents of the State of Illinois in violation of Plaintiff's rights. These websites also generate revenue through advertising that targets Illinois residents and solicits them to "leak" the copyrighted content of third parties for publication on the Internet. In this case, XiaLand has presented screenshot evidence that the Defendants have displayed Plaintiff's copyrighted content and common law trademarks through these websites to residents of the State of Illinois in violation of Plaintiff's rights. *See* Docket Nos. [9-1, 9-2 9-3] , which includes screenshot evidence confirming that the Defendants have displayed Plaintiff's copyrighted content and common law trademarks, along with advertising, to Illinois residents. Plaintiff owns the copyrighted content and has filed for and obtained registration of its content with the United States Copyright Office ("XiaLand Copyright"). Additionally, through its longstanding use in commerce in association with the provision of content distribution and streaming services, Plaintiff also owns the common law Trademark "XIALAND" ("XiaLand Trademark").

    This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Xialand's previously granted Motion for Entry of TRO establishes that Xialand has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Xialand will suffer irreparable harm if the injunction is not granted.

    Specifically, Xialand has provided a prima facie case of trademark infringement because (1) the Xialand Trademark is a distinctive mark, (2) Defendants are not licensed or authorized to use any of the Xialand Trademark, and (3) Defendants' use of the Xialand Trademark is causing a likelihood of confusion as to the origin or sponsorship of Defendants'' products with Xialand.

Furthermore, Defendants' continued and unauthorized use of XiaLand Trademarks irreparably harms XiaLand through diminished goodwill and brand confidence, damage to XiaLand's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, XiaLand has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Further, XiaLand has provided a prima facie case of copyright infringement because (1) Xialand has established ownership of a valid copyright and (2) that Defendants have copied constituent elements of the work that are original.[2] Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a. reproducing, preparing derivative works of, distributing copies of, performing publicly, or displaying publicly the content contained within the XiaLand Copyright;

    b. using the XiaLand Trademark or any reproductions, counterfeit copies, orcolorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any service that is not a genuine XiaLand service or not authorized by XiaLand to be advertised, offered, or sold in connection with the XiaLand Trademark;

    c. passing off, inducing, or enabling others to sell or pass off any service as a genuine XiaLand service that is not XiaLand's or not produced under the authorization, control, or supervision of XiaLand and approved by XiaLand for sale under the XiaLand Trademark; and

---

[2] *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007) (internal citations omitted).

    d. committing any acts calculated to cause consumers to believe that Defendants' services are those sold under the authorization, control, or supervision of XiaLand, or are sponsored by, approved by, or otherwise connected with XiaLand.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. The domain name registries and registrars for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., NameCheap, Inc., and TuCows, Inc., within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names and make them inactive and untransferable until further order by this Court.

4. Upon XiaLand's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online content distribution or advertising platforms such as CloudFlare, Inc., RealSRV, and Ackcdn.net (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to XiaLand expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with Defendants' websites and financial accounts; and

    c. any financial accounts owned or controlled by Defendants, including their officers,

agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Payoneer, Inc., Alipay, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon XiaLand's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods or services using the XiaLand Copyright or XiaLand Trademark.

6. Any Third Party Providers, including PayPal, Payoneer, Inc., Alipay, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

7. XiaLand may provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P.4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to any e-mail addresses provided for Defendants by third parties. The Clerk of the

    Court is directed to issue a single original summons in the name of "leakemup.com and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Plaintiff's Revised Schedule A to the Pleadings [12] is unsealed.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

10. The $10,000 bond posted by XiaLand shall remain with the Court until a final disposition of this case or until this Preliminary Injunction in terminated.

                                                SO ORDERED:

Date: May 17, 2022                              /s/ Martha M. Pacold

**Schedule A**

| No. | Defendant Name/Alias | No. | Defendant Name/Alias |
|---|---|---|---|
| 1 | leakemup.com | 2 | thotsbay.com |

| No. | Defendant Domain Name | No. | Defendant Domain Name |
|---|---|---|---|
| 1 | leakemup.com | 2 | thotsbay.com |